UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KEVIN GOFF,** | ) | CASE NO.1:16CV194 |
| | ) | |
| **Plaintiff,** | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| **RUFF NEON & LIGHTING** | ) | **ORDER** |
| **MAINTENANCE, INC., ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff's Motion for Award of Attorney's Fees and Motion to Strike Portions of Defendants' Response in Opposition to Plaintiff's Motion for Attorney's Fees and Costs (ECF #'s 23 & 27). For the following reasons, the Court grants, in part, Plaintiff's Motion for Attorney's Fees (ECF # 23) and denies Plaintiff's Motion to Strike (ECF # 27).

On January 27, 2016, Plaintiff Kevin Goff filed his Complaint with the Court, alleging violation of the Fair Labor Standards Act ("FLSA") by his former employers for failing to pay him at the statutory rate of one and one-half times his hourly rate of pay for hours worked in a given week over 40 hours. On July 14, 2016, at a telephone status conference, the parties informed the Court they had reached a settlement and on August 12, 2016, Plaintiff filed an unopposed Motion for Settlement which the Court approved on August 18, 2016. The parties reserved a dispute over attorney's fees for the Court's determination. On August 17, 2016, Plaintiff filed his Motion for Attorney Fees which Defendants opposed. This matter is now before the Court.

In his Motion for Attorney's Fees, Plaintiff requests $37,790.00 in fees and $472.88 in costs incurred in prosecuting the above action. According to Plaintiff, three attorneys performed work on the case: Clifford Bendau worked 70.4 hours at an hourly rate of $300, Christopher Bendau worked 14.8 hours at rates varying from $125 - $175 an hour and James Simon worked 48.2 hours at a rate of $300 an hour. In his Reply, Plaintiff requests an additional $5,835.00 in fees relating to filing his Reply and work performed since filing his Motion for Attorney's fees.

According to Plaintiff, because the case settled for a cash payment to Plaintiff in exchange for dismissal of all his claims, Plaintiff is the prevailing party. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to attorney's fees and costs as the prevailing party. Furthermore, the unopposed Settlement Agreement expressly states "The Defendants...will pay to Goff's attorneys... reasonable fees and costs as determined by the Federal District Court for the Northern District of Ohio." (Settlement Agreement and Release pg.1).

According to Plaintiff, the Court must apply the lodestar method to calculate attorney's fees. Given counsels' experience as litigators in FLSA actions their years of experience their hourly rates are reasonable under prevailing rates for attorneys of comparable experience in the states of Arizona and Ohio where counsels' practices are based.

Defendants challenge the amount of fees sought in this case for a number of reasons. First, Defendants contend this was a straightforward FLSA claim brought by a single plaintiff for unpaid overtime. It was not complicated or complex. It did not require three attorneys. The settlement represents approximately one tenth of the initial demand. It required little discovery and motion practice. Plaintiff's Complaint and Motion for Attorney's Fees are pro forma forms largely identical to filings by Plaintiff's counsel in other cases. Therefore, Defendants ask the

Court to reduce the fees sought by Plaintiff to those that are reasonable in light of the facts and the recovery obtained by Plaintiff.

## **LAW AND ANALYSIS**

The FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "An award of attorney's fees under 216(b) is mandatory." *Smith v. Serv. Master Corp.*, 592 F. App'x 363, 367 (6th Cir. 2014). "The Supreme Court has indicated that the courts are to calculate attorney fees under the "lodestar" method." *Mohn v. Geoffrey Goll, Esq.*, No. 4:15CV0476, 2016 WL 1258578, at *1 (N.D. Ohio Mar. 31, 2016) citing *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989); *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). "Under this methodology the number of hours reasonably expended by the attorney are multiplied by the attorney's reasonable hourly rate." *Mohn*, at *1 citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Lavin v. Husted*, 764 F.3d 646, 649 (6th Cir. 2014). "There is a "strong presumption" that the figure so calculated represents a reasonable fee." *Mohn,* at *1 citing *Delaware Valley I*, 478 U.S. at 565. "The lodestar, however, must be based on the "prevailing market rates in the relevant community." *Mohn at *1 quoting Blum v. Stenson*, 465 U.S. 886, 895 (1984). "The "prevailing market" is the "venue of the court of record." *Mohn,* at *2 quoting *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 618 (6th Cir. 2007).

"While the burden of persuasion is on the fee applicant to document the hours and rates in the lodestar amount, the burden of production to challenge the reasonableness of the requested fee is on a party seeking an adjustment of that amount." *Mohn,* at *1. Furthermore, "a district

3

court has discretion to consider the following factors and adjust the award accordingly:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."

*Smith,* 592 F. App'x at 369–70.

"[T]he most critical factor' governing the reasonableness of a fee award 'is the degree of success obtained." *Waldo v. Consumers Energy Co.,* 726 F.3d 802, 822 (6th Cir.2013) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).  Where "a plaintiff obtains 'limited success, the district court should award only that amount of fees that is reasonable in relation to the success obtained.' " *Isabel v. City of Memphis,* 404 F.3d 404, 416 (6th Cir.2005) (quoting *Hensley,* 461 U.S. at 435, 103 S.Ct. 1933).  However, "where the plaintiff's claims for relief involve common facts or related legal theories, such that much of counsel's time will have been devoted generally to the litigation as a whole, the court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Imwalle v. Reliance Med. Prods., Inc.,* 515 F.3d 531, 552 (6th Cir.2008).  "We have held that "reasonable" fees in the FLSA context are those that are adequate to attract competent counsel, but which do not produce a windfall for the attorney." *Lavin v. Husted*, 764 F.3d 646, 649 (6th Cir.2014).

As an initial matter, Defendants do not challenge Plaintiff's right to attorney's fees, only the reasonableness of the amount sought.  Because both the law and the parties' settlement

4

agreement expressly provide for attorney's fees, the Court holds Plaintiff is entitled to recover his reasonable fees as the prevailing party and pursuant to the agreement of the parties.

The Court further holds that precedent mandates that the Court apply the lodestar method in calculating fees.  To determine a reasonable attorney fee award the Court must consider whether the hourly rates charged by Plaintiff's counsel are reasonable in relation to the rates charged in the relevant market which, in this case, is Northeast Ohio.  "In establishing a fair hourly rate, the district court may 'rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests.'"  *Howe v. City of Akron,* No. 5:06 CV 2779, 2016 WL 916701, at *6 (N.D. Ohio Mar. 10, 2016) quoting *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 499 (6th Cir. 2011).

In determining the relevant rates in the market the Court has considered *The Economics of Law Practice in Ohio in 2013, A Desktop Reference*, published by the Ohio State Bar Association.  At page 39 of the Reference, it lists the average billing rates of Ohio attorneys based on firm size, years of experience and office location.   Plaintiff's counsel Clifford Bendau and James Simon have four years experience.  Clifford Bendau is a sole practitioner and James Simon works in a firm of two attorneys.  The median rate for attorneys with 3-5 years of experience in Ohio was $175 an hour according to the reference.  The rate for the top 95% percentile of attorneys with that relevant experience was $255.   Bendau practices out of Arizona and Simon's office address is Independence, Ohio,  a suburb of Cleveland.   The median hourly rate for an attorney located in a suburb of Cleveland was $200.   Plaintiff further points the Court to the Northern District of Ohio case of *Mohn* wherein the Court determined that Youngstown,

Ohio counsel with four years experience was appropriately compensated at a rate of $225 an hour. Plaintiff's further point the Court to its prior decision in *White v. All About Cable Connections, LLC* No.1:12CV1708 2013 WL 2949920 *4-5 (N.D. Ohio June 13, 2013), wherein this Court found a rate of $275/hr. was reasonable in an FLSA case for an attorney with six years experience.

Based on the Courts own experience, the caselaw and Ohio State Bar Association Reference, the Court holds that an hourly rate of $275 an hour for Clifford Bendau and James Simon is reasonable as it reflects the market rate for this District. Although the Desktop Reference cites lower rates, that Reference reflects rates dating back four years prior to the filing of this action. The Court recognizes that rates as reflected in the caselaw demonstrates that those rates have increased over the last four years. The Court also finds that the rates billed by Christopher Bendau, who became an attorney in June 2016 but clerked for Clifford for the first six months of this case $125/hour rate while a clerk and $175/hour as an attorney, are reasonable.

The Court must now consider the *Smith* factors. This matter was a straightforward, single claim for unpaid overtime for one plaintiff. The parties did not engage in any lengthy discovery; rather, Defendant provided its payroll records early in the case. Settlement was achieved approximately one month after the case management conference. Thus, the reasonable time and labor required in this case was relatively minor. Furthermore, a single claim for unpaid overtime by one employee presented no novel questions of law, a fact conceded by Plaintiff's counsel and required no more than general skill in pursuing a standard FLSA claim. In fact, as Defendant's counsel points out, both Plaintiff's Complaint and Motion for Attorney Fees were

largely boilerplate as evidenced by filings in another case by Plaintiff wherein the filings largely mirrored the Complaint and Motion for Attorney's Fees filed with this Court. Moreover, Plaintiff's counsel concedes this action did not preclude counsel from other employment and contends his counsel's fees are customary for FLSA claims. Plaintiff's counsel were retained via a representation agreement that called for a contingency fee of 40% of the gross recovery or payment at the Plaintiff's rate of $300 per hour, whichever was greater. There was no time limitation placed on counsel by Plaintiff. Plaintiff's counsel acted ably in prosecuting this action and the Court found the filings well written and legally sound. There is no indication that this was an undesirable case. Although the amount in dispute was strongly contested, Defendant argued the amount owed was $2,972.25 and Plaintiff placed the number at $11,547.00. Thus, Plaintiff recovered nearly three times the amount Defendant believed was the actual amount owed.

    Having considered the above factors, the Court finds a reduction of Plaintiff's fees is warranted. This case involved a single FLSA claim for failure to pay the statutory rate for overtime worked brought on behalf of a single Plaintiff. It did not require any dispositive motions, discovery was minimal and involved the review of payroll records. Over 20 hours were spent conferring among Plaintiff's three attorneys and the Complaint and Motion for Attorney Fees were largely pro forma. Under the facts of this case, having three attorneys appears to be overkill in light of the scope of wages in dispute. Furthermore, the most critical factor for the Court to consider on the reasonableness of the fees is the relation to the success achieved. Here, Plaintiff's counsel obtained significant relief for their client but the fees they seek amounts to approximately five times the relief obtained when the Court factors the additional amount sought

by Plaintiff for filing a Reply to Defendant's Opposition to the Motion for Attorney Fees. The Motion for Fees and Reply involved upwards of 23.4 hours (Plaintiff's itemization does not breakdown certain entries so the Court is unable to determine exactly the amount of time devoted to the Motion and Reply). This is outside the Sixth Circuits guidance that "fees for fees" recovery should not exceed three percent of the hours in the main case. *Auto Alliance Int'l v. United States Customs Serv. 155* Fed. App'x. 226, 229 (6th Cir. 2005). Plaintiff's Reply request an additional $5,835.00 in fees for drafting the Reply and for work performed after the filing of the Motion for Attorney's Fees. However, Plaintiff's supporting exhibit only supports 3.6 hours of additional work performed.

Therefore, the Court will apply a 40% reduction because the reasonableness of Plaintiff's attorney's fees far exceed the recovery obtained. The straightforward nature of this single plaintiff single claim for unpaid overtime wages did not justify three attorneys and the hours billed far exceeds the amount of time reasonably required to litigate an action that was resolved within seven months of filing, without dispositive motion practice and little discovery.

Therefore, applying a 40% reduction to the Court's adjusted hourly rates for the attorneys involved results in attorney fees of $11,913.00 for Clifford Bendau (72.2 hours x $275/hr. - 40%); $ 8250.00 for James Simon (50 hours x $275 - 40%) and $1326 for Christopher Bendau (7.6 hours x $125 + 7.2 hours x $175 - 40%). For a total of $21,489.00 for attorney fees.

Defendant does not challenge Plaintiff's costs and the Court awards costs in the amount of $472.88.

Lastly, the Court denies Plaintiff's Motion to Strike Portions of Defendants' Response in Opposition to Plaintiff's Motion. The Court did not consider those portions of Defendants'

Opposition that reflect settlement negotiations as proscribed by Fed. R. Evid. 408.

IT IS SO ORDERED.

                                                          s/ Christopher A. Boyko
                                                          CHRISTOPHER A. BOYKO
                                                          United States District Judge

Dated: February 13, 2017